UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID IBARRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L.D. ZAMORA, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:17-cv-00144-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff David Ibarra, a state prisoner[1] proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2017. Plaintiff has consented to Magistrate Judge jurisdiction in this case. (ECF No. 6). No other parties have appeared.

---

[1] Plaintiff filed this action while incarcerated at Calipatria State Prison. (See ECF No. 1.) On March 20, 2017, Plaintiff filed a change of address to what appears to be a private residence. (ECF No. 7.) On March 30, 2017, the "Order Re: Consent or Reassignment," sent to Plaintiff at Calipatria State Prison, was returned to the Court as undeliverable. However, the State of California Inmate Locator system reflects that as of April 14, 2017, Plaintiff remained incarcerated at Calipatria (see http://inmatelocator.cdcr.ca.gov). Until notified otherwise, the Court proceeds on the assumption that Plaintiff remains incarcerated. Plaintiff should clarify his status in his amended complaint.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff complains of acts that occurred at Kern Valley State Prison ("KVSP") in Delano, California, and the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff brings this action against several Defendants: L.D. Zamora, Chief of Healthcare for the California Department of Corrections; T. Brewer, Chief Executive Officer at KVSP; L. Bluford, health care appeals coordinator at KVSP; Shittu, a doctor at KVSP; D. Longcrier, Chief Support Executive at CCI; Tate, doctor at CCI; and Ross, doctor at CCI. Plaintiff alleges that Defendants denied him adequate medical care.

Plaintiff's allegations may be summarized as follows:

From as early as March 2010, Plaintiff has suffered from severe and excruciating pain in the left side of his neck, torso, and shoulder. He continually complained to Defendants, who reacted with deliberate indifference. They refused him pain medication, proper diagnosis, and treatment. In February 2015, after Plaintiff was transferred to a different institution, doctors there properly diagnosed Plaintiff with a torn left rotator cuff, muscle retraction and severe muscle atrophy which needed reverse shoulder arthroplasty. According to these physicians, the extended period of time without treatment meant that a total shoulder replacement was necessary.

Plaintiff seeks monetary damages and declaratory judgment.

### IV. Discussion

#### A. Linkage

Under § 1983, in order to state a claim against an official in his personal capacity, a plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be

3

imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Where a plaintiff alleges a defendant failed to intervene to stop the abuses of subordinate staff, he must allege that the supervisor defendant failed to intervene after being placed on notice of ongoing constitutional violations by subordinate staff. Starr, 652 F.3d at 1205-08.

Here, Plaintiff fails to link any named Defendant to a particular act or omission, instead referring to them collectively as "Defendants." Such a pleading is insufficient to put each Defendant on notice of the basis for Plaintiff's claims. Therefore, all Defendants will be dismissed with leave to amend.

**B.  Eighth Amendment Medical Indifference**

**1.  Legal Standard**

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the

4

indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk to his health from Defendants' acts or omissions was obvious or that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior.* Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### 2. Analysis

Here, Plaintiff alleges he has suffered from severe neck, side, and shoulder pain since March 2010. Despite his complaints, he was refused pain medication, a medical diagnosis, or treatment until February 2015, when he was diagnosed with a torn rotator cuff that requires a total shoulder replacement.

A torn rotator cuff that causes chronic pain constitutes a serious medical need. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (existence of chronic or substantial pain indicates a serious medical need) (citation omitted). Ignoring or refusing to investigate and treat such a condition can constitute deliberate indifference. Thus, Plaintiff may indeed be able to plead the elements of a cognizable Eighth Amendment claim. However, he has not included sufficient facts to enable the Court to determine which Defendant or Defendants saw him when, what his symptoms were at that time and

what response each Defendant gave. He needs to identify whom he sought medical attention from, how he did so, when he did so, and what response he received from the individual Defendants as to his complaints to them. Plaintiff will be given leave to amend to supply such facts.

**V.      Conclusion**

Plaintiff's complaint will be dismissed with leave to amend. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed February 2, 2017;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must either file an amended complaint curing the deficiencies identified by the

6

Court in this order or a notice of voluntary dismissal;

5. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated: April 14, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE