1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID IBARRA,                          **CASE NO. 1:17-cv-00144-MJS (PC)**

                       Plaintiff,            **ORDER DIRECTING PLAINTIFF TO**
12                                           **FILE EITHER A SECOND AMENDED**
                                             **COMPLAINT OR A NOTICE OF**
13            v.                             **WILLINGNESS TO PROCEED ON HIS**
                                             **EIGHTH AMENDMENT CLAIM**
14    L.D. ZAMORA, et al.,                   **AGAINST DR. SHITTU ONLY**

15                     Defendants.            **(ECF No. 12)**

16                                           **THIRTY (30) DAY DEADLINE**

17

18

19           Plaintiff David Ibarra, a former state prisoner proceeding pro se and *in forma*

20    *pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2017.

21    Plaintiff has consented to Magistrate Judge jurisdiction in this case. (ECF No. 6). No

22    other parties have appeared.

23    **I.      Screening Requirement**

24           The *in forma pauperis* statute provides, "Notwithstanding any filing fee, or any

25    portion thereof, that may have been paid, the court shall dismiss the case at any time if

26    the court determines that . . . the action or appeal . . . fails to state a claim upon which

27    relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

28

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.     Plaintiff's Allegations

Plaintiff complains of acts that occurred at Kern Valley State Prison ("KVSP") in Delano, California, and the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff brings this action against four Defendants: T. Brewer, Chief Executive Officer at KVSP; Shittu, a doctor at KVSP; D. Longcrier, Chief Support Executive at CCI; and Tate, doctor at CCI.  Plaintiff alleges that Defendants denied him adequate medical care.

Plaintiff's allegations may be summarized as follows:

From as early as January 2010, Plaintiff has continually complained of right shoulder pain. Defendant Dr. Shittu, of KVSP, merely provided Plaintiff with mild pain

1    relievers and made no attempt to diagnose or treat Plaintiff's symptoms. On July 2, 2010,

2    Plaintiff saw Dr. Shittu complaining of excruciating and debilitating pain and numbness on

3    the left side of his body unrelieved by the prescribed medication. Dr. Shittu told Plaintiff to

4    stop "faking and trying to get narcotics." Dr. Shittu refused to examine Plaintiff or

5    prescribe Plaintiff effective pain medication.

6        On July 5, 2010, Plaintiff filed a grievance complaining about Dr. Shittu's conduct.

7    On February 15, 2011, Defendant Brewer denied Plaintiff's grievance.

8        Plaintiff was eventually moved to a different "section" of the prison. On October 2,

9    2013, Plaintiff saw Defendant Dr. Tate.  When Plaintiff described his medical issues, Dr.

10    Tate became very agitated and refused to treat Plaintiff, stating "prisoners aren't worthy

11    of civilian treatment." On October 25, 2010, after several unsuccessful visits with Dr.

12    Tate, Plaintiff filed an inmate grievance regarding Dr. Tate's conduct. Defendant

13    Longcrier denied the grievance on December 31, 2013.

14        Plaintiff was eventually moved to Pelican Bay State Prison, and on February 11,

15    2015, an MRI revealed that Plaintiff had a torn rotator cuff with muscle retraction and

16    severe muscle atrophy. It was recommended that Plaintiff undergo shoulder surgery.

17        Plaintiff seeks monetary damages and declaratory judgment and "injunctive relief."

18   **IV.**     **Discussion**

19        **A.**      **Scope of Relief**

20        Plaintiff seeks declaratory judgment. If Plaintiff's claims for damages necessarily

21    entail a determination of whether his rights were violated, his separate request for

22    declaratory relief would subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559,

23    566 n.8 (9th Cir. 2005).

24        Furthermore, Plaintiff appears to seek unspecified injunctive relief. However,

25    Plaintiff reports he is no longer incarcerated. Thus, absent facts to suggest that Plaintiff

26    will be transferred back to the custody of the CDCR, any requests for injunctive relief

27    against prison officials appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03

28    (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v.

1  Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

2  **B.    Eighth Amendment Medical Indifference**

3  **1.    Legal Standard**

4  For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must

5  show (1) a serious medical need by demonstrating that failure to treat [his] condition

6  could result in further significant injury or the unnecessary and wanton infliction of pain,"

7  and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm

8  v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091,

9  1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure

10 to respond to a prisoner's pain or possible medical need, and (b) harm caused by the

11 indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite

12 state of mind is one of subjective recklessness, which entails more than ordinary lack of

13 due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other*

14 *grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation

15 marks omitted); Wilhelm, 680 F.3d at 1122.

16 The second element of an Eighth Amendment claim is subjective deliberate

17 indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must

18 demonstrate first that the risk to his health from Defendants' acts or omissions was

19 obvious or that Defendants were aware of the substantial risk to his health, and second

20 that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas

21 v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).  There must

22 be some causal connection between the actions or omissions of each named defendant

23 and the violation at issue; liability may not be imposed under a theory of *respondeat*

24 *superior*.  Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa

25 County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202,

26 1205-08 (9th Cir. 2011).

27 **2.    Analysis**

28 Here, Plaintiff alleges he has suffered from severe shoulder pain since January

2010. Despite his complaints, he was refused pain medication or medical treatment until February 2015, when he was diagnosed with a torn rotator cuff that required surgery.

It is clear that chronic and severe pain constitutes a serious medical need. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (existence of chronic or substantial pain indicates a serious medical need) (citation omitted).

Plaintiff alleges both Dr. Shittu and Dr. Tate were deliberately indifferent to this serious and chronic pain.  Each, on multiple occasions, refused to examine him or treat his pain. Dr. Shittu accused Plaintiff of faking, and Dr. Tate told Plaintiff that he did not "deserve" appropriate medical treatment. Such allegations, if accepted as plead, would suffice to state an Eighth Amendment medical indifference claim against both doctors.

However, internal inconsistencies on the face of Plaintiff's pleadings leave the Court unable to credit the claims against Dr. Tate or allow them to proceed as pled.  First, Plaintiff alleges that he was seen by Dr. Tate after he was moved to a different "section" of KVSP. However, Plaintiff alleges Dr. Tate is employed by CCI (Compl. ¶ 8), a different institution altogether from KVSP, where the violations committed by Dr. Shittu are alleged to have occurred. (Compl. ¶¶ 9-11.) Also, Plaintiff's pleadings indicate he first saw Dr. Tate in 2013 (Compl. ¶ 14), but he then alleges he filed a grievance against Dr. Tate about this care in 2010. (Compl. ¶ 16.) These may reflect mere clerical errors, but they leave the claims untenable. Plaintiff will be given leave to amend.  If he choose to do so, he must clarify where and when the violations attributed to Dr. Tate occurred; he must provide dates that are accurate and internally consistent.

The Court does find that Plaintiff has clearly pled a cognizable deliberate indifference claim against Dr. Shittu .

Insofar as Plaintiff seeks to allege medical indifference on the part of Defendants Brewer and Longcrier, Defendants who reviewed his grievances, his allegations that they "knew" about each doctor's failure to treat Plaintiff's pain and failed to intervene are purely conclusory. Plaintiff will be given leave to amend to describe specifically what information was communicated to each Defendant regarding his interactions with the

1    doctors, when it was communicated, what each Defendant said or did in response, what

2    Plaintiff claims each should have done or said in response, and his bases for so alleging.

3             **B.**      **Processing of Grievances**

4           Plaintiff takes issue with Defendants Brewer and Longcrier's processing of his

5    grievances.

6           Because there is no right to any particular grievance process, it is impossible for

7    due process to have been violated by ignoring, failing to properly process, or ultimately

8    denying grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

9    Prisoners do, however, retain a First Amendment right to petition the government through

10    the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

11    Therefore, interference with the grievance process may, in certain circumstances,

12    implicate the First Amendment. Such a claim would be based on the theory that

13    interference with the grievance process resulted in a denial of the inmate's right to access

14    to the courts. This right includes petitioning the government through the prison grievance

15    process. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817,

16    821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in

17    the context of prison grievance procedures). The right of access to the courts, however,

18    only requires that prisoners have the capability of bringing challenges to sentences or

19    conditions of confinement. See Lewis, 518 U.S. at 356–57. Therefore, the right of access

20    to the courts is only a right to present these kinds of claims to the court, and not a right to

21    discover claims or to litigate them effectively once filed. See id. at 354–55.

22           Additionally, the prisoner must allege an actual injury. See id. at 349. "Actual

23    injury" is prejudice with respect to contemplated or existing litigation, such as the inability

24    to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v.

25    Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or

26    assistance which result in prejudice are "not of constitutional significance" if the delay is

27    reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

28           Here, Plaintiff has alleged no facts indicating that any Defendant's actions in

1  processing Plaintiff's grievances resulted in the denial of Plaintiff's access to the courts.

2  He will be given leave to amend.

3  **V.     Conclusion**

4         Plaintiff's complaint states a cognizable claim against Dr. Shittu only. The Court

5  will provide Plaintiff with the opportunity to file a second amended complaint, if he

6  believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d

7  1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d

8  1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this

9  suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507

10  F.3d 605, 607 (7th Cir. 2007).

11         If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but

12  under section 1983, it must state what each named defendant did that led to the

13  deprivation of Plaintiff's constitutional rights and liability may not be imposed on

14  supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77;

15  Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be

16  [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at

17  555 (citations omitted).

18         If Plaintiff chooses not to amend, he may file a notice indicating he is willing to

19  proceed on his Eighth Amendment claim against Dr. Shittu only. The Court will then

20  dismiss the remaining Defendants and claims and provide Plaintiff with the requisite

21  documents to complete for service.

22         Finally, an amended complaint supersedes the original complaint, Lacey v.

23  Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be

24  "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

25         Accordingly, it is HEREBY ORDERED that:

26  1.     The Clerk's Office shall send Plaintiff a blank complaint form along with a

27         copy of the complaint filed June 8, 2017;

28  2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must

file either:

a)      A second amended complaint curing the deficiencies identified by the Court in this order, or

b)      A notice that he is willing to proceed on his Eighth Amendment claim against Dr. Shittu only; and

3.      If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:   July 14, 2017                          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

8